# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv497-FDW
## (3:05cr104-19)

| | |
|---|---|
| **FRANK WOOD THOMAS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's motion to subpoena his case file from his trial attorney. (Doc. 9.)

A review of the record reveals that Petitioner was one of twenty-five individuals indicted in a six-count bill of indictment filed on April 25, 2005, and charged with drug-trafficking and firearm offenses. (Case No. 3:05cr104-19, Doc. 10.) Specifically, Petitioner was charged with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One). Id. at 2-3. The indictment alleged that the conspiracy involved over five kilograms of cocaine and over 50 grams of cocaine base (crack). Id. at 3.

After a nine-day jury trial, Petitioner was found guilty on November 2, 2006, of the conspiracy charged in Count One. Id. at Doc. 383. On June 22, 2007, the Court sentenced Petitioner to 240 months' imprisonment to be followed by a ten-year term of supervised release. Id. at Doc. 465. Petitioner filed a notice of appeal, and on May 18, 2009, the Fourth Circuit Court of Appeals affirmed the district court's judgment. United States v. Thomas, 327 F. App'x 442, 444 (4th Cir. 2009), cert. denied, __ U.S. __, 130 S.Ct. 337 (Oct. 5, 2009) (No. 09-6063).

On October 6, 2010, Petitioner filed a timely motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255.[1] (Doc. 1.) Petitioner filed the instant Motion on February 28, 2011. (Doc. 9.)

In his Motion, Petitioner seeks an Order from the Court subpoenaing his case file from his trial attorney for him. Petitioner states that his attorney has failed to respond to his requests for the file and that he needs the file to support his claim that counsel was ineffective. Id.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Discovery is granted only for "good cause." Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C.A. foll. § 2255. Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" Bracy, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 286, 299-300 (1969).

Here, Petitioner fails to establish good cause to warrant discovery. Petitioner has not identified the information he is seeking in the case file or otherwise explained how information in the file will fully develop the allegations made in his Motion. See Rule 6(b), 28 U.S.C..A. foll. § 2254; see also Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not sanction fishing expeditions[.]") (citation and internal quotation marks omitted).

---

[1] Petitioner's one-year statute of limitations expired on October 5, 2010, one year after his cert petition was denied by the Supreme Court. 28 U.S.C. § 2255(f)(1). Although Petitioner's Motion to Vacate was not received in this Court until October 6, 2010, the mailing envelope for Petitioner's § 2255 motion shows that it was submitted to FCI Loretto for processing on October 1, 2010, and bears the postmark date October 4, 2010, making it timely. Rules Governing Section 2255 Proceedings, Rule 3(d), 28 U.S.C.A. foll. § 2255.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to subpoena his case file from his trial counsel is **DENIED**.

Signed: March 4, 2011

Frank D. Whitney
United States District Judge